IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH STANLEY CRUMLICH, | : | No. |
| Plaintiff | : | |
| | : | |
| vs | : | Civil Action – Law |
| | : | (Electronically filed) |
| CLEVELAND BROTHERS | : | |
| EQUIPMENT CO., INC., | : | |
| Defendant | : | Jury Trial Demanded |

COMPLAINT

AND NOW, TO WIT, comes Plaintiff Joseph Stanley Crumlich by and

through his attorney, Solomon Z. Krevsky, Esquire and Clark & Krevsky, LLC, and

files the following Complaint:

INTRODUCTION

1.

This is an action brought to remedy violations of the Plaintiff's civil rights and

to redress unlawful retaliatory conduct and employment practices of the Defendant.

This action arises out of the illegal retaliation resulting in the Plaintiff's termination from employment on October 19, 2005.

2.

Plaintiff alleges, *inter alia*, that he was retaliated against by Defendant based, in whole or in part, on his opposition to unlawful sexual harassment and other practices which he believed in good faith violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), et seq., (hereinafter "Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq. (hereinafter "PHRA").

3.

Plaintiff alleges further that the termination of his employment violated the public policy of the Commonwealth of Pennsylvania reflected by, *inter alia*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1, et seq. ("Consumer Protection Law"), §§7267(b) and 7268(b) of the Tax Reform Code of 1971, 72 P.S. §7267(b) and 72 P.S. §7268(b) ("Tax Reform Code"), Chapter 21 of the Uniform Commercial Code-Sales, 13 Pa.C.S. §2101-2725 ("UCC"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, et seq. ("WPCL"), and criminal statutes including misapplication of entrusted property and property of government or financial institutions, 18 Pa.C.S. §4113 and theft by deception, 18 Pa.C.S. §3922.  Essentially, Plaintiff's employment was terminated in retaliation for his refusal to participate in Defendant's illegal conduct.

## PARTIES, JURISDICTION AND VENUE

### 4.

Plaintiff, Joseph Stanley Crumlich, (hereinafter "Crumlich") is an adult male who, at all relevant times hereto, resided in the Commonwealth of Pennsylvania and was formerly employed by Defendant Cleveland Brothers Equipment Co., Inc. (hereinafter "Cleveland Brothers").

### 5.

Defendant Cleveland Brothers is a for profit corporation registered to do business in the Commonwealth of Pennsylvania, and which regularly conducts business throughout the Commonwealth of Pennsylvania including offices and facilities located at 5300 Paxton Street, Harrisburg, Dauphin County, Pennsylvania 17111.

### 6.

Defendant Cleveland Brothers is an employer as that term is defined under and pursuant to Title VII and the PHRA.

### 7.

This Court has jurisdiction over Plaintiff Crumlich's legal claims pursuant to 28 U.S.C. §1331 as this case arises under Title VII.  Moreover, this Court has jurisdiction over Plaintiff Crumlich's state law claims pursuant to 28 U.S.C. §1367.

8.

Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) as the facts and circumstances, acts and/or omissions, and incidents and/or actions alleged herein took place in this judicial district.

9.

All preconditions to the filing of this action, by way of pursuit of administrative remedies, have been satisfied.  Plaintiff Crumlich timely filed a charge of discrimination with the Pennsylvania Human Relations Commission, said charge being dual filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff Crumlich's charge of discrimination alleged retaliation in response to Plaintiff Crumlich's opposition to unlawful practices by Defendant Cleveland Brothers including but not limited to unlawful sexual harassment in the workplace.

10.

Plaintiff Crumlich sought from the EEOC a notice of right to sue with respect to the above-referenced charge of discrimination.  The EEOC issued its notice of right to sue on October 2, 2007, which was received by Plaintiff Crumlich on October 4, 2007.

11.

At all relevant times hereto, Defendant Cleveland Brothers was acting through its agents, servants, apparent agents, and/or employees who collectively were

authorized and acting within the scope of authority, course of employment and/or under the direct control of Defendant.

## UNDERLYING FACTS

### 12.

Plaintiff Crumlich commenced employment for Defendant Cleveland Brothers as a Service Writer on or about January 10, 2005.  In this capacity, Plaintiff Crumlich's immediate supervisor was Defendant's Service Manager, Bill Sims.

### 13.

At all relevant times hereto, Mr. Sims was a supervisor in the immediate or successively higher chain of command relative to Plaintiff Crumlich.

### 14.

At all relevant times hereto, Plaintiff Crumlich was qualified to perform the duties associated with his position as Service Writer and carried out such duties in a satisfactory manner.

### 15.

At all relevant time hereto, Plaintiff Crumlich and Mr. Sims performed duties at Defendant Cleveland Brothers' truck engine service center located at 336 Fairville Avenue, Harrisburg, Dauphin County, Pennsylvania 17112 (hereinafter "Manada Hill branch").

## **Sims' sexual harassment**

16.

Commencing almost immediately after beginning his employment with Defendant Cleveland Brothers, Plaintiff Crumlich was exposed to sexual harassment perpetrated by Mr. Sims and directed primarily at female employees of Defendant, said sexual harassment including without limitation the following:

a.      Mr. Sims continuously made inappropriate, lewd and sexually offensive remarks to female employees in Plaintiff's presence;

b.      Mr. Sims continuously used lewd and vulgar sexually explicit and offensive language to describe his sexual encounters and sexual preferences;

c.      Mr. Sims' conduct and language in the workplace was replete with sexual innuendo;

d.      Mr. Sims engaged in inappropriate and sexually offensive rhetoric in the workplace;

e.      Mr. Sims regularly questioned women about what under garments they were wearing, what sex toys they used (if any), and requested them to wear skimpy outfits so he could "ogle" them;

f.      Mr. Sims routinely summoned Plaintiff to meetings on the pretext that the meeting was to discuss work-related topics.  At those meetings, Mr. Sims would

subject Plaintiff to sexually charged descriptions of his sexual fantasies involving a female employee of Defendant Cleveland Brothers;

g.     Mr. Sims often touched female employees of Defendant Cleveland Brothers against their will stating "I'm touchy feely";

h.     Mr. Sims took photos and/or video clips of female employees without their knowledge and/or against their will, and shared said photos and/or video clips with other men employed by Defendant;

i.     Mr. Sims ridiculed, embarrassed, and/or humiliated female employees of Defendant Cleveland Brothers on the basis of gender.

17.

The events and circumstances described in the aforereferenced paragraph (hereinafter "unlawful sexual harassment") were regular and pervasive, occurring on a daily basis and occasionally more frequently.

18.

Plaintiff Crumlich possessed a good faith belief that Mr. Sims' conduct, as more fully described above, constituted unlawful sexual harassment.

19.

Accordingly, Plaintiff Crumlich opposed Mr. Sims' unlawful sexual harassment, as more fully described above, explaining that he found Mr. Sims'

conduct offensive, that it constituted unlawful sexual harassment, and that it must stop.

20.

Mr. Sims ignored Plaintiff Crumlich's opposition to said unlawful sexual harassment, and continued to subject female employees employed by Defendant Cleveland Brothers to same.

**Violations of the Consumer Protection Law and UCC**

21.

Defendant Cleveland Brothers is a full service, licensed dealer of Caterpillar, Inc.

22.

Defendant Cleveland Brothers sells and leases new and used Caterpillar, Inc. equipment, parts, engines and power systems (hereinafter "Caterpillar Equipment").

23.

Defendant Cleveland Brothers sells and leases Caterpillar Equipment to businesses and private consumers.

24.

The sale and/or lease of Caterpillar equipment by Defendant Cleveland Brothers to businesses and private consumers are subject to, from time to time, express and/or implied warranties.

25.

The Sales provisions of the UCC involving the sale and/or lease of goods
(generally, Article 2/Chapter 21) apply to the sale and/or lease of goods sold and/or
leased by Defendant Cleveland Brothers including but not limited to the Caterpillar
Equipment.

26.

Specifically, the express and/or implied warranty provisions of Article
2/Chapter 21 of the UCC, 13 Pa.C.S. §§2313-15, are applicable to the transactions
involving the sale and/or lease of products sold and/or leased by Defendant
Cleveland Brothers including but not limited to the Caterpillar Equipment.

27.

The warranty provisions of Article 2/Chapter 21 of the UCC, 13 Pa.C.S.
§§2313-15 promote uniformity in commercial transactions, and generally create
warranties, express or implied, that the goods sold and/or leased shall conform to
their description, are fit for the ordinary purpose for which such goods are used, and
otherwise conform to the promises or affirmations of the seller.

28.

Similarly, the Consumer Protection Law, 73 Pa.C.S. §201-1, et seq. benefits
the public at large by eradicating among other things "unfair or deceptive" business
practices.

29.

The Consumer Protection Law defines "unfair methods of competition" and "unfair or deceptive acts or practices" to include the following: "representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand"; and "representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another". 73 P.S. §201-2(4)(vi) and (vii).

30.

The Consumer Protection Law defines "trade" and "commerce" to mean "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed and any other article, commodity or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth. 73 P.S. §201-2(3).

31.

Since the Consumer Protection Law was, in relevant part, designed to thwart fraud in the statutory sense, it is to be liberally constructed to effect the objective of preventing unfair or deceptive practices.

32.

Collectively, the express and/or implied warranty provisions of the UCC and the Consumer Protection Law were enacted to protect the public from fraudulent and/or unfair or deceptive business practices.

33.

Defendant Cleveland Brothers, by and through the conduct of Mr. Sims, violated the express and/or implied warranty provisions of the UCC and/or the Consumer Protection Law.

34.

By way of illustration, but not limitation, Defendant Cleveland Brothers, acting by and through Mr. Sims, violated the express and/or implied warranty provisions of the UCC and/or the Consumer Protection Law in the following manner:

a.      Defendant Cleveland Brothers purchases used engines from customers from time to time.

b.      The used engines purchased by Defendant Cleveland Brothers from time to time are "stripped down" into parts (the "Used Engine Parts").

c.      Upon information and belief, Mr. Sims did not record or enter the Used Engine Parts into Defendant's computerized used parts inventory.

d.      Instead, upon information and belief, Mr. Sims placed the Used Engine

Parts into the "shop inventory" which is not computerized and for which Defendant

has no method to account for.

e.      At a later time, Mr. Sims directed that the Used Engine Parts be

installed into engines for customers who ordered and/or purchased and were

expecting new parts.  He did so by manipulating or altering sales slips and/or work

orders accompanying the installation and/or sale to Defendant's customers to

fraudulently reflect the sale and/or installation of Used Engine Parts as new.

35.

By way of further illustration, but not limitation, Defendant Cleveland

Brothers, acting by and through Mr. Sims, violated the express and/or implied

warranty provisions of the UCC and/or the Consumer Protection Law in the

following manner:

a.      Defendant Cleveland Brothers sells and/or leases Caterpillar equipment

to purchasers from time to time, the sale and/or lease of which is accompanied by

express and/or implied warranties from Caterpillar.

b.      From time to time, consumers and/or businesses that have purchased

and/or leased Caterpillar equipment from Defendant Cleveland Brothers (hereinafter

"purchasers") return goods purchased and/or leased for repairs and/or replacement in

accordance with said express and/or implied warranties (e.g. present a warranty claim).

c.      As a licensed dealer of Caterpillar equipment, Defendant Cleveland Brothers presents to Caterpillar goods so returned in accordance with said warranty claim.

d.      Upon information and belief, Caterpillar, Inc. honors warranty claims presented in accordance with the express and/or implied warranties and delivers to Defendant Cleveland Brothers new and/or remanufactured goods.

e.      Defendant Cleveland Brothers owes a duty to purchasers of Caterpillar equipment to install and/or deliver to the customer the new and/or remanufactured goods it receives from Caterpillar in accordance with the presentation of a warranty claim.

f.      Upon information and belief, Defendant Cleveland Brothers, acting by and through Mr. Sims, failed or otherwise refused to install and/or deliver to the purchaser the new and/or remanufactured Caterpillar equipment it received upon presentation to Caterpillar of a warranty claim.

g.      Instead, Defendant Cleveland Brothers, acting by and through Mr. Sims, installed and/or delivered to the purchaser goods which were deteriorated, altered, reconditioned, reclaimed, used, or secondhand and which were stored in its "shop inventory".

h.      In so doing, Defendant Cleveland Brothers, acting by and through Mr. Sims, represented that goods or services were of a particular standard, quality or grade, were of a particular style or model, when, in fact, they were not.

i.      Upon information and belief, Defendant Cleveland Brothers, acting by and through Mr. Sims, installed and/or delivered to purchasers goods stored in its "shop inventory", as more fully set forth above, without disclosing same to such purchasers.

36.

At various times throughout his employment with Defendant Cleveland Brothers, Plaintiff Crumlich was requested by Mr. Sims to mark as "new" on a sales slip or invoice goods sold to purchasers or delivered to purchasers in accordance with express and/or implied warranty claims, when such items were not new and Mr. Sims knew that the goods sold and/or delivered were not "new".

37.

Because Mr. Sims, acting as an agent of Defendant Cleveland Brothers, created and/or reinforced a false impression, including the false impression as to the value of the goods installed, as more fully described above, Mr. Sims and Defendant may have been guilty of criminal conduct including theft by deception, 18 Pa.C.S. §3922.

38.

Plaintiff Crumlich possessed a good faith belief that the conduct by Mr. Sims, as more fully described above, was inappropriate and a violation of Pennsylvania law.

39.

Accordingly, Plaintiff Crumlich refused to further or participate in the afore-referenced conduct.

40.

Plaintiff Crumlich advised Mr. Sims that he believed Mr. Sims' conduct, as more fully described above, to be inappropriate and unlawful.

**Violation of the Tax Reform Code and failure to remit sales tax**

41.

Defendant Cleveland Brothers is a business that maintained a location within the Commonwealth of Pennsylvania including 5300 Paxton Street, Harrisburg, Dauphin County, Pennsylvania 17111.

42.

At that location, taxable sales were made requiring the collection of sales tax.

43.

As Service Manager, Mr. Sims prepared billing invoices with respect to the sale of Defendant's goods.

44.

Upon information and belief, Defendant's billing invoices include a line item for Pennsylvania sales tax.

45.

As Service Manager, Mr. Sims collected Pennsylvania sales tax from purchasers of Defendant's goods.

46.

Defendant Cleveland Brothers, by and through Mr. Sims, was a vendor who collected sales tax in the Commonwealth of Pennsylvania and was licensed by the Commonwealth to do so.

47.

Vendors, including Defendant Cleveland Brothers, who collect sales tax in the Commonwealth of Pennsylvania and who are licensed by the Commonwealth to do so act as agents of the Commonwealth.  72 P.S. §7208.

48.

As such, Defendant Cleveland Brothers was charged with the duty to hold in trust for the Commonwealth all taxes collected.  72 P.S. §7225.

49.

All taxes collected by any person, including Mr. Sims, from purchasers, as more fully described above, constitute a trust fund for the Commonwealth.

50.

Upon information and belief, after collecting Pennsylvania sales tax from purchasers of goods sold by Defendant Cleveland Brothers, as more fully described above, Mr. Sims altered billing invoices to recharacterize collected sales tax as revenue by claiming an exemption to sales tax to which Defendant Cleveland Brothers was not entitled (and which was not disclosed to the customer).

51.

Upon information and belief, Mr. Sims, acting as an agent for Defendant Cleveland Brothers, completed and submitted fraudulent tax exemption certificates in order to prevent the full disclosure of the amount or character of taxable sales.

52.

Upon information and belief, Mr. Sims derived a portion of his total compensation as Service Manager for Defendant Cleveland Brothers as a bonus and/or commission which was paid by Defendant Cleveland Brothers, in whole or in part, as a function of revenue and/or profits generated on sales made at 5300 Paxton Street, Harrisburg, Dauphin County, Pennsylvania 17111.

53.

Defendant Cleveland Brothers, acting through its agent, Mr. Sims, willfully failed to remit collected sales tax in violation of 72 P.S. §7268(b).

54.

Defendant Cleveland Brothers, acting through its agent, Mr. Sims, attempted to evade or defeat the sales tax imposed by the Commonwealth of Pennsylvania, Department of Revenue, in violation of 72 P.S. §7267(b).

55.

Because Mr. Sims, acting as an agent of Defendant Cleveland Brothers, disposed of property that had been entrusted to him as a fiduciary and which was property of the Commonwealth in a manner which he knew was unlawful and involved substantial risk of loss to the owner of the property or to the person for whose benefit the property was entrusted, Mr. Sims and Defendant may have been guilty of criminal conduct including misapplication of entrusted property and property of government or financial institutions, 18 Pa.C.S. §4113.

56.

At various times throughout his employment with Defendant Cleveland Brothers, Plaintiff Crumlich was requested by Mr. Sims to alter billing invoices and/or complete fraudulent tax exemption certificates, as more fully described above, but refused to do so.

57.

Plaintiff Crumlich possessed a good faith belief that Mr. Sims' conduct with respect to the altering of billing invoices and/or completion of fraudulent tax exemption certificates was inappropriate and a violation of Pennsylvania law.

58.

Accordingly, Plaintiff Crumlich refused to further or participate in the afore-referenced conduct.

59.

Plaintiff Crumlich advised Mr. Sims that he believed Mr. Sims' conduct, as more fully described above, to be inappropriate and unlawful.

**Violations of the WPCL and failure to pay wages**

60.

The Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, et seq. ("WPCL") provides a statutory remedy to enforce the payment of wages and compensation to which an employee is entitled.

61.

The WPCL defines "wages" to include "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation…" 43 P.S. §260.2(a).

62.

Upon information and belief, service technicians and service writers, including but not limited to Plaintiff Crumlich, employed by Defendant Cleveland Brothers at its Manada Hill branch were entitled to wages earned based on time, task, piece, commission or other method of calculation.

63.

Upon information and belief, Defendant Cleveland Brothers, acting by and through Mr. Sims, manipulated or otherwise altered documentation from which Defendant calculates wages for service technicians and/or service writers based on time, task, piece, commission or other method of calculation.

64.

Upon information and believe, Mr. Sims manipulated or otherwise altered said documentation in order to avoid or reduce the payment of wages to service technicians for services rendered which resulted in the generation of revenue allocated to Defendant's Manada Hill branch.

65.

As a result, Defendant failed to pay wages earned by service technicians and/or service writers in violation of the WPCL, 43 P.S. §260.3 and 43 P.S. §260.5.

66.

Upon information and belief, Mr. Sims derived a portion of his total

compensation as Service Manager for Defendant Cleveland Brothers as a bonus

and/or commission which was paid by Defendant Cleveland Brothers, in whole or in

part, as a function of revenue and/or profits generated on sales made at its Manada

Hill branch.

67.

By manipulating or altering documentation used to calculate wages to service

technicians based on time, task, piece, commission or other method of calculation,

Mr. Sims decreased operating expenses and therefore inflated profits generated on

sales made at Defendant's facilities located at its Manada Hill branch.

68.

Plaintiff Crumlich possessed a good faith belief that Mr. Sims' conduct, as

more fully described above, was inappropriate and a violation of Pennsylvania law.

69.

Plaintiff Crumlich advised Mr. Sims that he believed Mr. Sims' conduct, as

more fully described above, to be inappropriate and unlawful.

## The retaliation

70.

As more fully described above and incorporated herein by reference, Plaintiff Crumlich opposed Mr. Sims' unlawful behavior including but not limited to sexual harassment, fraudulent conduct with respect to warranty claims, failure to remit Pennsylvania sales tax, and the failure to pay appropriate wages to service technicians and service writers. (hereinafter "unlawful conduct").

71.

Mr. Sims possessed financial motivation to increase revenue and decrease costs at Defendant's Manada Hill branch since his compensation derived, in whole or in part, from the profitability of the Manada Hill branch.

72.

By opposing the unlawful conduct, Mr. Crumlich posed an economic threat to Mr. Sims' compensation and earning potential.

73.

Mr. Sims retaliated against Plaintiff Crumlich in response to his opposition to Mr. Sims' unlawful conduct including but not limited to the following:

a.     Mr. Sims threatened to terminate Plaintiff Crumlich's employment if he were to report to others Mr. Sims' unlawful conduct.

b.      Mr. Sims threatened Plaintiff and Plaintiff's family with harm explaining, among other things, "I know where you live and I wouldn't want anything to happen to your family".

c.      Mr. Sims subjected Plaintiff Crumlich's job performance to heightened and unreasonable scrutiny.

d.      Mr. Sims spread falsehoods regarding Plaintiff Crumlich that Plaintiff was attempting to undermine Mr. Sims' management authority.

e.      Mr. Sims spread falsehoods regarding Plaintiff Crumlich that Plaintiff was the subject of customer complaints.

f.      Mr. Sims spread falsehoods regarding Plaintiff Crumlich that Plaintiff deficiently performed his job duties including but not limited to the preparation of work tickets.

g.      Mr. Sims purposefully antagonized Plaintiff Crumlich and otherwise dealt with him in a hostile and abusive manner.

h.      Mr. Sims interfered with the manner in which Plaintiff Crumlich performed his job and otherwise attempted to sabotage Plaintiff Crumlich's work performance.

i.      Mr. Sims failed to pay Plaintiff commission compensation on the sale of extended warranties;

j.      Mr. Sims dissuaded Plaintiff Crumlich from filing internal complaints of unlawful harassment or other unlawful conduct and/or from filing formal complaints of unlawful harassment with the Pennsylvania Human Relations Commission and/or EEOC.

k.      Mr. Sims placed Plaintiff Crumlich in fear of physical harm.

l.      Mr. Sims placed Plaintiff Crumlich in fear that Plaintiff were to lose his job in the event he reported Mr. Sims' unlawful conduct internally or to appropriate government authorities.

m.      Mr. Sims caused Plaintiff Crumlich's employment to be terminated with Defendant Cleveland Brothers.

74.

As a result of Mr. Sims' retaliatory conduct, as more fully described above, Plaintiff Crumlich became fearful of the workplace in general and of Mr. Sims in particular.

75.

As a result of Mr. Sims' retaliatory conduct, as more fully described above, Plaintiff Crumlich was subjected to a hostile and abusive work environment.

76.

Because Plaintiff Crumlich could no longer tolerate the hostile and abusive conduct, on either Thursday, October 13, 2005, or Friday, October 14, 2005, Plaintiff

Crumlich submitted a written complaint to Defendant's human resource representative, Diane Keefer, detailing Mr. Sims' unlawful conduct.

77.

On Monday, October 17, 2005, Mr. Sims asked Plaintiff Crumlich whether he would serve as a witness in support of any complaint brought forth by any female employee of Defendant Cleveland Brothers alleging unlawful sexual harassment perpetrated by Mr. Sims.

78.

Plaintiff Crumlich advised Mr. Sims that he would "tell them what I know" and report that he observed Mr. Sims engage in inappropriate sexual harassment directed at female employees of Defendant Cleveland Brothers.

79.

Two days later, on October 19, 2005, Plaintiff Crumlich's employment with Defendant Cleveland Brothers was terminated.

COUNT I

JOSEPH STANLEY CRUMLICH v. CLEVELAND BROTHERS
EQUIPMENT CO., INC.
RETALIATION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED,
42 U.S.C. §2000(e), ET SEQ.

80.

Plaintiff Crumlich repeats and repleads Paragraphs 1 through 79 of this

Complaint and incorporates herein by reference as though fully set forth at length.

81.

Title VII prohibits retaliation in the workplace against employees who have

complained of sexual harassment and/or discrimination in the workplace, those who

have made a charge of unlawful sexual harassment in the workplace, and/or those

who have otherwise opposed practices made unlawful under Title VII.

82.

As more fully described above, Plaintiff Crumlich possessed a good faith

belief that Mr. Sims engaged in conduct which constituted unlawful sexual

harassment.

83.

Accordingly, Plaintiff Crumlich opposed Mr. Sims' unlawful sexual harassment, as more fully described above, explaining that he found such conduct offensive, that it constituted unlawful sexual harassment, and that it must stop.

84.

In addition, Plaintiff Crumlich submitted a written complaint to Defendant's human resource representative, Diane Keefer, detailing Mr. Sims' unlawful conduct, including but not limited to unlawful sexual harassment.

85.

Defendant Cleveland Brothers knew that Plaintiff Crumlich opposed unlawful conduct perpetrated by Mr. Sims including but not limited to unlawful sexual harassment.

86.

Defendant Cleveland Brothers' "harassment/sexual harassment" policy as articulated in its "policy manual" in effect during the period of Plaintiff Crumlich's employment does not prohibit retaliation against those who oppose sexual harassment in the workplace.  (A true and correct copy of Defendant Cleveland Brothers' "harassment/sexual harassment" policy attached hereto as Exhibit A).

87.

Defendant Cleveland Brothers retaliated against Plaintiff Crumlich on account of his opposition to unlawful conduct including but not limited to unlawful sexual harassment as more fully detailed in Paragraphs 73(a) through 73(m) above.

88.

The unlawful retaliation, as more fully described above, contributed to the creation of a hostile and abusive work environment for Plaintiff Crumlich, and resulted in adverse employment action including but not limited to the termination of Plaintiff Crumlich's employment on October 19, 2005.

89.

The unlawful retaliation, as more fully described above, was carried out by Defendant Cleveland Brothers acting by and through its managers and other representatives, including but not limited to Mr. Sims, who were aided in accomplishing the above-described retaliation by virtue of their positions as agents for Defendant.

90.

The unlawful retaliation, as more fully described above, was of a continuing nature and therefore constitutes a continuing violation of law up to and including the termination of Plaintiff Crumlich's employment on October 19, 2005.

91.

As a direct and proximate result of Defendant Cleveland Brothers' actions and omissions, as more fully described above, including but not limited to unlawful retaliation under Title VII, Plaintiff Crumlich has suffered and will continue to suffer into the future loss of employment, lost wages and benefits, future lost wages and benefits, mental anguish and anxiety, emotional pain and suffering, personal humiliation, painful embarrassment, disruption of his personal life, loss of enjoyment of life, attorney fees and costs, and other pecuniary and nonpecuniary losses, and claim is made therefor.

92.

The actions and/or omissions of Defendant Cleveland Brothers, as more fully described above, were extreme and outrageous, egregious and undertaken with malice or reckless indifference to Plaintiff Crumlich's wellbeing and statutorily protected rights.  Moreover, Defendant Cleveland Brothers engaged in no good faith effort to comply with the law or Plaintiff's civil rights, and Plaintiff Crumlich is thereby entitled to punitive damages.

COUNT II

JOSEPH STANLEY CRUMLICH v. CLEVELAND BROTHERS
EQUIPMENT CO., INC.
WRONGFUL DISCHARGE

93.

Plaintiff Crumlich repeats and repleads Paragraphs 1 through 92 of this

Complaint and incorporates hereto by reference as though fully set forth at length.

94.

The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73

P.S. §§201-1 et seq. ("Consumer Protection Law") is designed to protect the public

from fraud and unfair or deceptive business practices and the statute is the principal

means for doing so in the Commonwealth (accord Cmwlth. v. Monumental

Properties, Inc., 459 Pa 450, 329 A.2d 812 (1974)).

95.

Similarly, the warranty provisions of Article 2/Chapter 21 of the UCC, 13

Pa.C.S. §§2313-15 promote uniformity in commercial transactions and generally

create warranties, express or implied, that goods sold or leased shall conform to the

description, are fit for the ordinary purpose for which goods are used, and otherwise

conform to the promises or affirmations of the seller.

96.

Collectively, the express and/or implied warranty provisions of the UCC and the Consumer Protection Law were enacted to protect the public from fraudulent and/or unfair or deceptive business practices.

97.

Collectively, the express and/or implied warranty provisions of the UCC and the Consumer Protection Law reflect the public policy of the Commonwealth of Pennsylvania to protect the public from fraudulent and/or unfair or deceptive business practices.

98.

Moreover, Defendant's violation of the UCC and/or Consumer Protection Law, as more fully described above, violated the Pennsylvania Crimes Code including but not limited to theft by deception, 18 Pa.C.S. §3922.

99.

With respect to Defendant's violation of the Tax Reform Code, 72 Pa.C.S. §7268(b) provides in pertinent part: "…[A]ny person…who shall willfully fail or refuse to collect the tax from the purchaser and remit the same to the department, and any person who shall willfully fail, neglect or refuse to file any return or report required by this article or any taxpayer who shall refuse to pay any tax…or who shall willfully fail to preserve his books, papers, and records as directed by the

department…or who shall knowingly make any incomplete, false or fraudulent return or report, or who shall do, or attempt to do, anything whatever to prevent the full disclosure of the amount or character of taxable sales purchases or use made by himself or any other person, or shall provide any person with a false statement after the payment of tax with respect to particular tangible personal property or said services, or shall make, utter or issue a false or fraudulent tax exemption certificate, shall be guilty of a misdemeanor…"

100.

In addition, 72 Pa.C.S. §7267(b) of the Tax Reform Code imposes penalties upon "Any person who willfully attempts, in any manner, to evade or defeat the tax imposed by this article, or the payment thereof, or to assist any other person to evade or defeat the tax imposed by this article, or the payment thereof…"  72 Pa.C.S. §7267(b).

101.

Accordingly, Sections 7267(b) and 7268(b) of the Tax Reform Code of 1971 reflect the public policy of the Commonwealth of Pennsylvania to ensure that taxes collected by any person from purchasers are properly transmitted to the Commonwealth.

102.

As more fully described above, Defendant Cleveland Brothers was charged with the duty to hold in trust for the Commonwealth all sales taxes collected.  72 P.S. §7225.

103.

As more fully described above, Defendant Cleveland Brothers, acting by and through its agents including Mr. Sims, completed fraudulent tax exemption certificates and engaged in other conduct designed to evade or defeat the payment of sales tax and otherwise failed or refused to remit same (hereinafter "Failure to Remit Sales Tax").

104.

The Failure to Remit Sales Tax, as more fully described above, may have violated the Pennsylvania Crimes Code including but not limited to the offense of misapplication of entrusted property and property of government or financial institutions, 18 Pa.C.S. §4113.

105.

The Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 et seq. ("WPCL") provides a statutory remedy to enforce the payment of wages and compensation to which an employee is entitled.

106.

The WPCL permits the imposition of criminal penalties upon any employer who violates any provisions of the Act.  43 P.S. §260.11(a).

107.

Accordingly, the WPCL reflects the public policy of the Commonwealth of Pennsylvania to ensure that employees who earn wages are paid properly and/or timely and to deter corporate agents and officers from diverting corporate funds that are meant to go towards paying wages to employees.

108.

As more fully described above, Defendant Cleveland Brothers failed to pay wages earned by service technicians and/or service writers in violation of the WPCL.

109.

Plaintiff Crumlich possessed a good faith belief that Defendant Cleveland Brothers violated the Consumer Protection Law, the express and/or implied warranty provisions of the UCC, the Tax Reform Code of 1971, and/or the WPCL (hereinafter, collectively, "Pennsylvania law").  Plaintiff Crumlich possessed a good faith belief that Defendant Cleveland Brothers' violations of Pennsylvania law may have included criminal behavior.

110.

As more fully described above, Plaintiff Crumlich opposed Defendant's violation of Pennsylvania law.

111.

As more fully described above, Plaintiff Crumlich refused to further or participate in Defendant's violations of Pennsylvania law.

112.

Plaintiff Crumlich's employment with Defendant Cleveland Brothers was terminated on October 19, 2005 in retaliation for his opposition to Defendant's violation of Pennsylvania law and/or his refusal to participate in same, including but limited to criminal conduct.  As such, the termination of Plaintiff Crumlich's employment violated the public policy of the Commonwealth of Pennsylvania.

113.

As a direct and proximate result of Defendant Cleveland Brothers' unlawful discharge of Plaintiff Crumlich's employment, Plaintiff Crumlich has suffered in the past and will continue to suffer in the future lost wages and benefits, and claim is made therefor.

114.

As a direct and proximate result of Defendant Cleveland Brothers' unlawful discharge of Plaintiff Crumlich's employment, Plaintiff Crumlich has sustained an impairment of earning power and earning capacity, and claim is made therefor.

115.

As a direct and proximate result of Defendant Cleveland Brothers' unlawful discharge of Plaintiff Crumlich's employment, Plaintiff Crumlich has suffered a loss of life pleasures and enjoyment, and claim is made therefor.

116.

As a direct and proximate result of Defendant Cleveland Brothers' unlawful discharge of Plaintiff Crumlich's employment, Plaintiff Crumlich has in the past and will in the future suffer emotional distress, embarrassment and humiliation, and claim is made therefor.

117.

The acts and/or omissions of Defendant Cleveland Brothers' as more fully set forth above and incorporated hereto by reference, constitute extreme and outrageous conduct that evidences a wanton disregard for the wellbeing of Plaintiff's interests, its employees, and the citizens of the Commonwealth of Pennsylvania and were undertaken willfully and maliciously in an effort to oppress Plaintiff Crumlich, thereby entitling him to punitive damages, and claim is made therefor.

## COUNT III

## JOSEPH STANLEY CRUMLICH v. CLEVELAND BROTHERS EQUIPMENT CO., INC.
## WAGE PAYMENT AND COLLECTION LAW

### 118.

Plaintiff Crumlich repeats and repleads Paragraphs 1 through 117 of this Complaint and incorporates hereto by reference as though fully set forth at length.

### 119.

At all relevant times hereto, Plaintiff Crumlich resided in the Commonwealth of Pennsylvania and Defendant Cleveland Brothers withheld Pennsylvania income tax from Plaintiff's pay.

### 120.

At all times material to this Complaint, Defendant Cleveland Brothers was an "employer" within the meaning of the WPCL.

### 121.

Despite demand for same, Defendant Cleveland Brothers failed to pay Plaintiff appropriately for wages including but not limited to commission on Plaintiff's sale of extended warranties.

122.

Payment by Defendant Cleveland Brothers of earned but unpaid wages and commissions have not been paid and were not made within the time requirements authorized under and pursuant to the WPCL, 43 P.S. §260.3 and 43 P.S. §206.5.

123.

Because Plaintiff Crumlich is not in possession, custody or control of documents which would permit him to calculate with specificity the exact amount of earned but unpaid wages and commissions, Plaintiff Crumlich is unable to ascertain the extent of earned but unpaid wages and/or commissions at this time, but same shall be proven at the trial of this matter and claim is made therefore.

124.

Defendant Cleveland Brothers possesses no good faith reason for failing to pay Plaintiff Crumlich the wages and/or commissions to which he is entitled.

125.

As a result thereof, Plaintiff Crumlich is entitled to liquidated damages and attorney fees, in an amount which cannot yet be calculated with certainty due to the ongoing nature of this litigation, and costs pursuant to the WPCL, 43 P.S. §260.10 and 43 P.S. §260.9(a)(f).

COUNT IV

JOSEPH STANLEY CRUMLICH v. CLEVELAND BROTHERS
EQUIPMENT CO., INC.
PENNSYLVANIA HUMAN RELATIONS ACT,
43 P.S. §955 et seq.
RETALIATION

126.

Plaintiff Crumlich repeats and repleads Paragraphs 1 through 125 of this

Complaint and incorporates hereto by reference as though fully set forth at length.

127.

The acts and/or omissions identified herein, as more fully set forth above and

incorporated hereto by reference, violate the Pennsylvania Human Relations Act, 43

P.S. §955, et seq.

128.

The unlawful retaliation, as more fully described above, resulted in a hostile

and abusive work environment, as more fully described above.

129.

The unlawful retaliation, as more fully described above, resulted in tangible

job detriments and/or adverse employment action, as more fully described above,

including but not limited to the termination of Plaintiff Crumlich's employment on

October 19, 2005.

130.

The unlawful retaliation, as more fully described above, was of a continuing nature and therefore constitutes a continuing violation of law up to and including the termination of Plaintiff Crumlich's employment on October 19, 2005.

131.

As a direct and proximate result of Defendant Cleveland Brothers' actions and/or omissions, as more fully described above, Plaintiff Crumlich has suffered and will continue to suffer loss of employment, lost wages and benefits, future lost wages and benefits, mental anguish and anxiety, emotional pain and suffering, personal humiliation, painful embarrassment, disruption of his personal life, lost of enjoyment in life, attorney fees and costs, and other pecuniary and nonpecuniary losses, and claim is made therefore.

WHEREFORE, Joseph Stanley Crumlich respectfully requests this Honorable Court enter judgment in his favor and against Defendant Cleveland Brothers Equipment Co., Inc. in an amount to be proven at trial, including but not limited to:

a.      Back pay and benefits;

b.      Front pay and benefits should reinstatement prove unfeasible;

c.      Statutory prejudgment interest;

d.      Compensatory and other emotional distress damages;

e.      Punitive damages;

f.      Liquidated damages;

g.      Attorney fees and costs;

h.      A declaration that the conduct by Defendant Cleveland Brothers

Equipment Co., Inc. constitutes unlawful retaliation under and pursuant to Title VII

of the Civil Rights Act of 1964 and/or the Pennsylvania Human Relations Act; and

i.      Any other relief that this Court deems just and equitable.

Respectfully submitted,

CLARK & KREVSKY, LLC


By: s/ Solomon Z. Krevsky
Solomon Z. Krevsky, Esquire
Attorney for Plaintiff
Supreme Ct. I.D. #72719
20 Erford Road, Suite 300A
Lemoyne, PA 17043
(717) 731-8600
(717) 731-4764 fax
e-mail:  szk@clark-krevskylaw.com